James M. Lindsay, State Bar No. 164758
LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630
Telephone: (916) 294-7573
Facsimile: (916) 294-7583

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| CARLA BURDEWICK, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>LESLIE'S POOLMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.  CV-11-1085-JAM-EFB<br><br>**ORDER REGARDING DEFENDANT LESLIE'S POOLMART, INC.'S SPECIAL MOTION TO STRIKE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (ANTI-SLAPP)**<br><br>Date:    July 20, 2011<br>Time:   9:30 a.m.<br>Dept:   Courtroom 6<br>Judge:  Honorable John A. Mendez |

On May 23, 2011, Defendant Leslie's Poolmart, Inc. (hereinafter referred to as "Defendant") filed a Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16 on the grounds that the claims of Plaintiff Carla Burdewick (hereinafter referred to as "Plaintiff") arise from Defendant's communications with customers and that such communications involve the exercise of free speech, are protected by the United States and California Constitutions, and involve matters of public interest.

Plaintiff opposed Defendant's motion on the following grounds:  1) That the motion was untimely filed and untimely heard; 2) That the action fits within the specific exception to California Code of Civil Procedure § 425.16 as contained in California Code of Civil Procedure

§ 425.17(b); 3) That the action is not a SLAPP lawsuit; and 4) That Plaintiff will probably prevail on the merits of the action.

The motion was heard on July 20, 2011 with Judge John A. Mendez presiding.  At oral argument, James M. Lindsay appeared on behalf of Plaintiff and the putative class and Robert B. Carey appeared on behalf of Defendant.

Upon review of the papers and documents filed in support of and in opposition to the motion, having heard the oral arguments of counsel and good cause appearing therefor, the Court finds as follows:

1. That Defendant's motion was timely filed and heard;

2. That the provisions of California Code of Civil Procedure § 425.16 do not apply to the action because the action fits within the exception enunciated in California Code of Civil Procedure § 425.17(b) in that:  a) The Plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the Plaintiff is a member; b) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or non-pecuniary, on the general public or a large class of persons; and c) Private enforcement is necessary and places a disproportionate financial burden on the Plaintiff in relation to the Plaintiff's stake in the matter; and

3. That, even if the action did not fit within the exception enunciated in California Code of Civil Procedure § 425.17(b), Plaintiff has alternatively established that Plaintiff satisfied the probability of success on the merits requirement, since Defendant's exhibit purporting to be its information capture policy does not, at this stage, trump Plaintiff's allegations.

Accordingly, Defendant's Special Motion to Strike Pursuant to California Code of Civil Procedure § 425.16 (Anti-SLAPP) is DENIED.

IT IS SO ORDERED.

Date: July 26, 2011                    /s/ John A. Mendez

The Honorable John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

ORDER REGARDING DEFENDANT'S SPECIAL                    CASE NO.: CV-11-1085-JAM-EFB
MOTION TO STRIKE PURSUANT TO CCP § 425.16

LINDSAY LAW CORPORATION
21 Natoma Street, Suite 160
Folsom, California 95630

PDF created with pdfFactory trial version www.pdffactory.com