UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA BURDEWICK, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LESLIE'S POOLMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 2:11-CV-01085 JAM-EFB<br><br>Consolidated with:<br>CASE NO.: 2:11-CV-01789 JAM-EFB<br><br>CLASS ACTION<br><br>FINAL JUDGMENT ORDER APPROVING CLASS SETTLEMENT |
| ROBERT HAEFNER, an individual, on behalf of himself and all,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LESLIE'S POOLMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Date:　June 20, 2012<br>Time:　9:30 a.m.<br>Dept.:　6<br>Judge:　Hon. John A. Mendez |

　　　Plaintiffs Carla Burdewick and Robert Haefner ("Plaintiffs") and Defendant Leslie's Poolmart, Inc. ("Leslie's") moved this Court for an Order finally approving their settlement, certifying a settlement class, and taking certain other actions. On June 20, 2012, the Court held a hearing on the Motion for Final Approval of

Class Action Settlement and the fairness of the settlement.

Upon considering the parties' Settlement Agreement and its exhibits (including the form of class notice), all papers in support of the settlement filed by the parties, any objections to the settlement, the arguments of counsel, and the entire record herein, it is hereby ORDERED:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties in this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement. The term "Settlement Agreement" incorporates the Addendum to the Settlement Agreement executed by the parties on December 2, 2011.

3. The following Class, which was previously certified in this Court's February 9, 2012 Order Granting Preliminary Approval of Class Action Settlement, is certified for settlement purposes only as follows:

> All persons who purchased merchandise from a Leslie's Pools retail store located in the State of California during the Class Period by using a credit card to make the purchase, and whose personal identification information (telephone number, address, e-mail address, and/or ZIP code) was requested and recorded by Leslie's in conjunction with the credit card transaction, during the period of time between March 14, 2010 through February 9, 2012.

The following are excluded from the Class: (i) government entities; (ii) federal court judges assigned to this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (iii) persons who have previously timely and validly requested exclusion from the class (hereinafter "Class" or "Settlement Class").

4. The Court finds that certification of the Settlement Class is appropriate because:

    a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(1);

    b. There are questions of law and fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2), including: (a) whether Leslie's violated California Civil Code § 1747.08 by requesting personal identification information; (b) whether Leslie's was negligent based on the alleged requests for personal identification information; and (c) whether Leslie's requested personal identification information in conjunction with a credit card transaction;

    c. The claims of representative parties Carla Burdewick and Robert Haefner are typical of the claims of the members of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

    d. The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4);

    e. Questions of law or fact common to the members of the Settlement Class, as set forth above, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3), and

        f.    The action is manageable as a class action for settlement purposes.

5. If this Final Judgment Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order certifying a Settlement Class shall be vacated *nunc pro tunc.*

6. The Court has carefully considered any objections to the proposed settlement that have been filed.

7. The Court concludes that the proposed settlement is a fair, reasonable and adequate compromise of the claims asserted in this action.

8. The Court confirms the appointment it made in its February 9, 2012 Order Granting Preliminary Approval of Class Action Settlement, appointing Stonebarger Law, APC, and Lindsay Law Corporation as settlement Class Counsel under Rule 23(g) and Robert Haefner and Carla Burdewick as the Class Representatives.

9. The Court approves the terms of the Settlement Agreement incorporated herein by reference, as fair, reasonable, and adequate as it applies to Plaintiffs and the Class members. The Court further directs implementation of all terms and provisions of the Settlement Agreement other than those specifically concerning the award of attorneys' fees.

10. The Class Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's February 9, 2012 Order and in accordance with applicable law.

11. All parties are bound by this Final Judgment Order and by the Settlement Agreement.

12.     The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Class members who did not request exclusion from the Class in the time and manner provided for in the Class Notice ("Settlement Class Members").

13.     As of the date of the Preliminary Approval Order, the Class Representatives and the Settlement Class Members and the other Releasors (as defined in Section 1.16 of the Settlement Agreement) shall be deemed to hereby fully and irrevocably release, waive, and discharge Leslie's and the other Releasees (as defined in Section 1.15 of the Settlement Agreement) from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, which were or could have been asserted in the Litigation or in any other complaint, action, or litigation in any other court or forum; provided that they relate to the transactions, actions, conduct or events that were raised in the Litigation (the "Released Claims"), which shall include any unknown claims (those that a Settlement Class Member does not know to exist against any of the Releasees) which, if known, might have affected his or her decision regarding the settlement of the Litigation, and even if the Class Representatives and Settlement Class Members hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, in which case the Released Claims shall nonetheless be deemed to include any and all

1 Released Claims without regard to the existence of such different
2 or additional facts concerning each of the Releasees.
3     14.  Leslie's shall be deemed to hereby fully and irrevocably
4 release, absolve and forever discharge the Class Representatives,
5 and the Class Representatives' attorneys, from any and all causes
6 of action, claims, suits, liens, losses, damages, judgments, and
7 demands of abuse of process, malicious prosecution, or any other
8 claims arising out of the institution, prosecution, assertion, or
9 resolution of this Litigation, including, but not limited to,
10 claims for attorneys' fees, costs of suit, or sanctions of any
11 kind.
12     15.  All members of the Class who did not make a valid request
13 for exclusion in the time and manner provided in the Class Notice
14 are barred, permanently enjoined, and restrained from commencing or
15 prosecuting any action, suit, proceeding, claim or cause of action
16 in any jurisdiction or court against Leslie's or any other Releasee
17 based upon, relating to, or arising out of, any of the Released
18 Claims.
19     16.  The Court has reviewed the Motion for an Award of
20 Attorneys' Fees, Costs, and Incentive Fees and the Supplemental
21 Declarations (Doc. ## 77 & 78) submitted by Class Counsel and the
22 exhibits, memoranda of law, and other materials submitted in
23 support of that motion.  The Court recognizes that Defendant has
24 not opposed the application for class representative incentive
25 awards of $4,000.00 each to both of the named Class Representatives
26 to be paid by Defendant and an award of attorneys' fees and costs
27 of $215,000.00 to be paid by Defendant.  These awards are in
28 addition to the other relief to be provided to Class Members under

the Settlement Agreement.  On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees, costs and incentive fees is fair, reasonable, and appropriate but for the hourly rate of $650 requested by Class Counsel.  This rate has never been held to be the prevailing rate in the Eastern District of California and this Court finds that this rate is not warranted in this action.  Instead, the Court will apply the hourly rate of $475 for both Class Counsel which has been previously approved by another Judge in this District in a similar case.  The Court has also granted Class Counsels' requests for additional compensation for attending the hearing on the Motion for Attorneys' Fees and for preparing the Supplemental Declarations. Each Class Counsel will be compensated for eight (8) additional hours of service.  Accordingly, the Court hereby awards fees and costs to Class Counsel in the aggregate amount of $175,322.50 ($104,547.50 to Mr. Lindsay and $70,775 to Mr. Stonebarger) and an incentive award to the two named Plaintiffs in the amount of $4,000.00 each, to be paid by Defendant in accordance with the terms of the Settlement Agreement.

   17.  The Settlement Agreement, acts performed in furtherance of the Settlement Agreement or the settlement set forth therein, and documents executed in furtherance of the Settlement Agreement or the settlement set forth therein may not be deemed or used as evidence of an admission supporting: (a) the validity of any claim made by one or more Class Representatives, members of the Class, or Class Counsel; (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency or other proceeding.

7

1       18.    The Settlement Agreement shall not be offered or be admissible in evidence against Leslie's or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

        19.    If this Final Judgment Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment Order shall be deemed vacated and shall have no force or effect whatsoever.

        20.    Without affecting the finality of the Final Judgment Order in any way, the Court reserves continuing jurisdiction over the parties regarding the enforcement of the terms of the Settlement Agreement.

        21.    The Clerk is directed to enter the Final Judgment Order.

        IT IS SO ORDERED.

Dated:    July 10, 2012.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE